SOEIBNEE, J.
This was a proceeding in mandamus against Charles E. Tual, as the sheriff of Lucas county, Ohio.
The relator sets forth in his petition that he is now and has been since the third day of September, 1894, the duly elected, qualified and acting treasurer of Lucas county, Ohio, and as such treasurer is the successor of Samuel A. Hunter, late treasurer of Lucas county, Ohio.
That the defendant is now and has been since the fisrt day of January, 1894, the duly elected, qualified and acting sheriff of Lucas county, Ohio.
Relator further says that by the consideration of the common pleas court of Lucas county, Ohio, in cause No. 33481, wherein Samuel A. Hunter, treasurer, was plaintiff, and John R. Osborn et al. were defendants, the said Samuel A. Hunter, treasurer,recovered judgment against asid John R. Osborn et al., defendants, and a decree ordering the sale of lot No. one (1) Boody’s addition to the city of Toledo and said Lucas county, Ohio.
That thereafter, and after the said Samuel A. Hunter, treasurer,had been succeeded in office by the relator herein, Jason A. Barber, attorney for the relator, filed a precipe for an order of sale in said cause No. 33481, and thereupon the clerk of said common pleas court caused to be issued to the sheriff, defendant herein, an order of sale, directing faim to appraise and sell said lot No. 1, Boody's addition to the city of Toledo aforesaid, a copy of which order of sale is hereto attached,marked “A”.
Relator further says that thereafter, and on, to-wit, the first day of February, 1895, the said sheriff, defendant herein, caused said appraisal and notice of sheriff’s sale of said lot No, 1 aforesaid, to be published in the “Toledo Legal News, ’’
The relator says that the said Toledo Legal News is not a newspaper printed and of general circulation in the county of Lucas, but is a technical publication solely for the use of the courts and lawyers of the bar of said county, and devoted specially to the interests of the legal profession; that said the Toledo Legal News contains no matters of general *682 interest, but is simply a record of the proceedings of the-several courts of said county, and of advertisements, including some of the decisions of the several courts of the state of Ohio, and occasionally other states, a court directory, cards of attorneys and counsellors at law, a list of transfers of real estate in Lucas county, Ohio, the chattel mortgages filed in the city of Toledo in said county, and some miscellaneous advertisements and hotel arrivals, and except as above it does not publish or assume to publish the current news or news of the day.
Relator further says that there are newspapers printed and of general circulation within said county, in which said notice could have been published as required by law, but that the said Charles E. Tual, sheriff, defendant herein, refuses, though requested so to do, to publish said notice in any other publication than the said Toledo Legal News, and the relator says that such publication of said notice of sale is not and will not be a legal publication of said notice, and a purchaser under such sale will not acquire good title to said lot.
A copy of the said Toledo Legal News of the date the first of February, 1895, is hereto attached and marked “S.”
Next'follows the prayer of this petition:
“Wherefore the relator prays that a writ of mandamus may issue, commanding the defendant, as sheriff of Lucas county, that he proceed according to law to publish said notice of the sale of said lot in a newspaper printed and of general circulation within said county of Lucas, in accordance with the statute in such case made and provided.”
The petition is duly verified,and a copy is attached of the paper mentioned in the petition, and a copy of the execution issued showing that a judgment was recovered in the-court of common pleas; and that the execution was issued by the clerk of that court to the sheriff of Lucas county, the-defendant in this proceeding, as alleged in the petition.
And then follows the answer of the defendant, the sheriff of Lucas county, which is quite voluminous in its nature, and in which it is admitted, among other things, that the plaintiff is the treasurer of said county; that the defendant is the sheriff of said county; that a decree was recovered in *683 the court of common pleas as alleged in the petition; thaf; an order of sale was issued to him as stated,and that he hag caused the notice of sale to be published in the Toledo Legal News, as in the petition alleged; and various other matters are admitted in the anwser, and some allegations of new matter are set forth in the answer.
The case was argued before us quite fully upon the testimony which was submitted and upon the legal propositions which were involved in the case, and we have given to the examination of the case much consideration. We have examined very carefully and fully all the authorities which have been referred to, but, at the very outset of the investigation, we have come to a question which seems to us to be of paramount control and importance in the case, and that is, as to whether or not the court has jurisdiction to grant the prayer of this petition ?
The statute provides, section 6742: “The writ of mandamus may be issued by the supreme court, the circuit court, or the common pleas court; and although it may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it cannot control judicial discretion. ”
There is no question but what the circuit court has jurisdiction in mandamus proceedings under that statute, and that is conferred by the constitution as well as by the statute upon the circuit court; but, an important question arises in this matter; it seems that according to the undisputed allegations of the petition, the treasurer of the county recovered a judgment against the defendant named; and, upon that judgment execution was issued upon the order of the plaintiff by the clerk of the court of common pleas in which the judgment was recovered, to the sheriff of the county,commanding him to proceed in the manner pointed out by the statute to enforce the decree — make the- judgment.
Now the circuit court is asked, by virtue of the power committed to it, or conferred upon it, both by the constitution and the law in regard to proceedings in mandamus,to require the sheriff in executing his process, not to advertise (because that is what it amounts to) the sale which would be required under the execution, in a particular paper, *684 The petitioner in the mandamus proceeding insists that the sheriff is about to advertise in a publication known as The Toledo Legal News. The statute requires, as stated in the petition, that notice of a sale under process issued upon a judgment shall be given by advertisement in a newspaper printed and of general circulation in the county. The averment of the petition is, that the sheriff has advertised, but not in a newspaper of general circulation in the county, and this court is asked to do, what? To require the sheriff to proceed, in the language of the prayer of the petition, “To proceed according to law to publish said notice of the sale of said lot in a newspaper printed and of'general circulation within said county of Lucas.”
The averment in the petition is that the paper in which the sheriff is proceeding to advertise is not a newspaper printed and of general circulation within the county of Lucas, and this court is asked to compel him — -require him— to proceed to advertise it, not in any particular newspaper, but in a newspaper of general circulation in the county, it being averred that the paper in whieh the sheriff is proceeding to advertise his notice of sale, is not a newspaper printed and of general circulation in the county.
Now, in the first place, the writ which the sheriff is proceeding to execute is a writ issued to him by the court of common pleas. It does not issue from this court; it is a process over which the court from which it is issued has full control and in regard to which the court may order and direct the sheriff as to it shall seem right and proper in obedience to the requirements of the law, and it would seem therefore, possibly, proper that that court whose process is 'handed to the sheriff for execution, — if he is directed by any ■authority- — -that he should be directed by the court of common pleas.
Suppose, for example, the sale should be made by the •sheriff upon’"the writ in his hands. The court of common ■pleas is called upon to approve and confirm that sale; the ■sale is not complete until it has- been confirmed or approved ’by the court of common pleas. Could this court, by any proceeding known to the law, interfere with the action of the court of common pleas in that case, for a sale made or 4¡h-e return of a sale made, by the sheriff of the county? It *685 would seem to us very difficult to sustain a proposition of that kind.
In a case referred to, in an early volume of the Ohio Reports, cited in argument, a sale was set aside by the court acting upon the return of the sheriff.
In the cases cited during the argument, all of which we have examined, we find, in some instances, that a reviewing court has acted upon the return of the officer and reversed the judgment, or affirmed it, as circumstances, might seem to require; or there has been a direct application in the court itself where the process was issued and returned and which afterwards came up under review by the appellate court; but we find no case in which the courl has-undertaken, by a writ of mandamus, to order the sheriff to, advertise in any particular publication and sell property under a writ issued to him from another court.
The cases bearing upon this subject may be found collected in Merrill on Mandamus, in section 84, and cases to some considerable extent are there cited.
But, again — as already stated- — -this court, if it made an order under this petition, would have to make it in conformity to the prayer of the petition,. And that is what? The court would have to require the sheriff to proceed to advertise in a newspaper printed and of general circulation within said county fo Lucas. This court would not undertake to point out a paper in which the sheriff should advertise, But, practically, upon the statements contained in the petition and the grounds assigned for the interposition of the court, a mandate to advertise in some other paper than the Toledo Legal News, would be in effect equivalent to an injunction forbidding the sheriff to advertise in the Toledo Legal ISlews, for the reason, as is alleged, that it is not a newspaper printed and of general circulation in the county. The court cannot, under any view of the law that it can regard, require the sheriff to advertise in any particular paper, but it ia asked to command the sheriff, not to advertise in this particular paper.
Now, this court has no original jurisdiction in injunction proceedings- — -that is to say, an action cannot be brought in this court for an injunction originally, nor can an action be brought in the court of common pleas and an application *686 be made to this court to grant an injunction; it has not the power to do it. As suggested in a case reported in the 50 Ohio St. — State ex rel.v. Hahn, 714, which was a proceeding brought to require the authorities to accept a certain sum as the amount of taxes due instead of an amount which was claimed on the part of the superintendent of insurance. This rule is laid down in the syllabus of the case:
“Under section 2745,Revised Statutes,as amended April 19, 1893, a regular mutual life insurance company, incorporated under the laws of another state, and doing business in this state, and having filed its sworn statement in the office of the superintendent of insurance within sixty days after January 1st, 1893, as required by sections 3606 and 8608, is required to pay to the superintendent of insurance in the month of December, 1893, such sum, as added to the amounts paid to the different county treasurers, will produce an amount equal to two and one-half per cent, of the gross premiums and assessment receipts of such company for the year 1892, as shown by such statement filed in the department' of insurance.! ’
And now here is the proposition:
“Mandamus is not the proper remedy to test the question of the amount of taxes to be paid to the superintendent of insurance under section 2745,Revised Statutes, and to prevent the superintendent of insurance from revoking the license of an insurance company to do business in this state. Injunction is the proper remedy in such case.”
In that case, after setting out the facts upon which the relator relies as entitling him to a reduction of the amount of the taxes claimed, he prays in his petition: “That the superintendent be commanded to receive and permit the filing of said supplemental statement, and to accept said sum of $1,957 as payment in full of all demands on the relator. ” The court in its opinion goes into the construction of the statute and the rights of the parties under it, and overrules the demurrer which the relator filed to the answer of defendant. Practically the result was a decision of the case, so far as the principle involved was concerned, in favor of the defendant, the superintendent of insurance. But Min-shall, Judge, when he comes to give his views upon the matter, says:
*687 “This court has original jurisdiction in quo warranto, mandamus,habeas corpus, and procedendo,and none other. It has no original jurisdiction in matters of injunction, and none, can be conferred by the legislature. To assume it in any case, is simply judicial usurpation. This is a suit for an injunction in the form of a proceeding in mandamus. The form, however, is nothing; it is the substance which gives real character to the proceeding. Hence this court has no, jurisdiction of the subject matter of the suit, and it should be dismissed for want of jurisdiction. I should not, probably, differ from the construction placed on the statute by the majority, if the case were before us in a proceeding in error; but it is not, and the construction given can only be regarded as an extra judicial opinion. ’’
This is precisely the view that we take of this case. We are-constrained to take that view of it, It is, although, in form, a proceeding in mandamus — a proceeding to require the sheriff to perform the duty imposed upon him by law in the way of advertising — it is practically a proceeding to enjoin him,or to forbid him, from advertising in the Toledo Legal News; which, in our judgment, is simply, in substance, though not in name, a proceeding for an injunction against the sheriff, in which we have no original jurisdiction.
Now, while we regret that the rule of law leads inevitably to this conclusion, we cannot avoid the duty of declaring what in our judgment the law is.
Under this view of the case — and which we have considered with very much care and after a thorough examination of the authorities — our judgment is that the petition must be dismissed for want of jurisdiction.